█ FRIEDA LESSER, Individually and as Administratrix of the Estate of RAPHAEL RINGELHEIM, Deceased, Appellant, v. SIDNEY L. RINGELHEIM, Respondent.— In an action to impress a trust upon money held by defendant in a bank account, order dismissing the complaint without prejudice to further proceedings relative to the same subject matter in the Surrogate's Court reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The action was brought by plaintiff individually and as administratrix. The complaint was dismissed because the Special Term was of the opinion that no reason appeared for not applying the usual rule that matters within the specialized jurisdiction of the Surrogate's Court should be referred to that court for disposition. We do not decide whether the action, insofar as it is brought by the administratrix, could be better disposed of in the Surrogate's Court. That court, concededly, has no jurisdiction to decide the action insofar as it is brought by plaintiff in her individual capacity. Although it may be doubtful that plaintiff may recover, in that capacity, on the allegations contained in the complaint, we are not disposed to determine the sufficiency of the complaint, in the absence of a motion to dismiss it for insufficiency. Nolan, P. J., Wenzel, Beldock and Ughetta, JJ., concur; Murphy, J., dissents and votes to affirm with the following memorandum: It is alleged in the complaint that plaintiff is administratrix of the estate of her father and that she and defendant, his children, are his sole distributees; that defendant has turned over to her only $335 as assets of the estate whereas administration expenses and debts amount to $1,615.30; that decedent, by reason of defendant's fraud and duress, transferred five savings accounts theretofore in decedent's name to a single account in the joint names of decedent and defendant; that thereby decedent was "stripped * * * of substantially all his assets" and plaintiff was prevented "from inheriting her rightful share of all the assets and property belonging to said decedent on his death." It is also alleged that "defendant appropriated other and additional assets and property of said decedent". Plaintiff wants her share of the decedent's assets and contends that the court has power to make a decree providing for payment out of the assets of decedent to the creditors of the estate who are listed in the complaint. The issue here is not one of sufficiency of the complaint. We are concerned solely with the nature of the action. The plaintiff seeks to have the Supreme Court administer assets of an estate. Under the well-settled rule, plaintiff should be relegated to the Surrogate's Court, in which forum she previously has instituted a discovery proceeding. The allegation that "by reason of the foregoing the plaintiff is entitled to have the defendant declared to be a constructive trustee of the assets of the said decedent" does not change the nature of the action. That is determined by the facts alleged in the complaint rather than by the prayer for relief. (3 Carmody-Wait Cyclopedia of New York Practice, p. 546, and authorities there cited.) [See *post,* p. 905.]